### P. P. LUDTKE v. THE STATE.

No. 7844.   Decided December 5, 1923.

Rehearing Denied January 9, 1924.

**1.—Possession of Intoxicating Liquor—Chemist.**

Upon trial of unlawful possession of intoxicating liquor for the purpose of sale, there was no error in admitting testimony that the liquid found in possession of defendant was taken to a chemist for an analysis, legitimate testimony identifying the liquid analyzed to have been that received from the defendant.

2.—Same—Rehearing—Sufficiency of the Evidence—Free Lunch.

While it is true that appellant testified in some parts of his evidence that the beer he sold he called bone dry, but the entire testimony for the State shows that an analysis of the beer revealed its alcoholic content to be greater than that which is fixed by statute, and the same was the case with the alleged vinegar, and while defendant might sell his lunches and as an inducement to buy the lunches throw in the beer this would not prevent such action from being a violation of the law and the judgment must be affirmed.

Appeal from the Criminal District Court of Harris.  Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year imprisonment in the penitentiary.

*F. O. Fuller* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, Presiding Judge.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for one year.

The appellant and Isaac Broussard were jointly indicted.  Broussard was a negro in the employ of the appellant, who conducted a grocery and butcher business and also served drinks and lunches.

Three witnesses for the State entered the premises, walked through the butcher shop, where they found the appellant, and into a room back of the shop but not in the same building, where they found the negro Broussard, who served and they paid for what they denominated beer.  While they were so engaged, officers entered the premises and took possession of a number of cases of beer and twenty-four gallons of liquor which had not been bottled and a quantity of wine.  They also found in the butcher shop four quarts of tequila and one quart of whisky.

Appellant's confession was introduced in evidence; also his testimony.  He claimed that the tequila was for his own use and not for sale; that the whisky belonged to another; that the beer was served free with his lunches, though he admitted that he at times sold it. The so-called wine was vinegar for his own use.  The officers took possession of the liquids and when analyzed, it was found that the beer contained 2.85 per cent. alcohol by volume; the wine, 9.88 per cent. alcohol by volume; and the brandy, 27.50 per cent. by volume.

Four bills of exceptions relate to the conversation with Broussard by the purchasers of the liquor at the time of the purchase. Broussard and the appellant were acting together with the design of selling the liquid, and Broussard's remarks in the absence of the

appellant in pursuance of the enterprise were admissible against the appellant.

The bill complaining of the testimony of Erwin to the effect that he took part of the liquor to the chemist is without merit. It was competent for the State to prove the analysis of the articles found in the appellant's possession.

Bill No. 7 is in question and answer form and for that reason cannot be considered. Reading it, however, it apparently develops legitimate testimony identifying the liquid analyzed which was received from the appellant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

January 9, 1924.

LATTIMORE, JUDGE.—We have again considered those matters in the record reliance upon which is had by appellant in his motion for rehearing and regret our inability to agree with any of the propositions advanced. It is true that appellant testified in some parts of his evidence that the beer he sold he called bone dry but the entire testimony for the State shows that an analysis of this beer or bone dry revealed its alcoholic content to be greater than that which is fixed by statute. It is also true that appellant called vinegar that which the officers called wine and whose analysis revealed a much larger alcoholic content than that fixed by statute. Appellant's contention seems to be that he served his bone dry with lunches which he sold his patrons. This would in nowise seem to militate against the conclusion of guilt. One may not manufacture or have in his possession an alcoholic liquor such as is forbidden by statute and dispose of it directly or indirectly without violating the law. Appellant might sell his lunches and as an inducement to buy the lunches throw in the beer, but this would not prevent such action from being a violation of the law. It is without dispute that appellant had in his possession a quantity of liquor whose analysis disclosed that it had more than one per cent of alcohol by volume and that same was intoxicating. The evidence amply justified the conclusion of the jury that he had it for purposes of sale.

The motion for rehearing will be overruled.

*Overruled.*